**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 15 2014, 6:08 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHARLES W. LAHEY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEMETRIUS JACKSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1305-CR-215 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1212-FB-179

**January 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Demetrius Jackson ("Jackson") appeals his conviction for Robbery, as a Class B felony,[1] presenting the sole issue of whether there is sufficient evidence to support the conviction.[2] We affirm.

**Facts and Procedural History**

At around 10:00 p.m. on December 5, 2012, Edwin Ugwoke ("Ugwoke") was working alone, restocking shelves, in Harry's Liquor and Wine Shop in South Bend, Indiana. He heard a bell and looked up to see three masked men. They were dressed in black. One of the men repeatedly struck Ugwoke in the face with a gun barrel, demanding money. He threatened to shoot Ugwoke and called him "all kinds of names." (Tr. 24.)

Ugwoke opened the cash register and gave the money to the armed man; meanwhile, the other two collected bottles of liquor and put them in gym bags. Ugwoke was able to trigger a silent alarm button and police arrived very shortly after the robbers fled.

The responding officers employed a canine to track the robbers from the alley next to the store. They soon discovered a clean but broken vodka bottle in the alley. Next they discovered a bottle of brandy in the back yard of 902 N. College. The canine tracked to the

---

[1] Ind. Code § 35-42-5-1.

[2] Jackson also alleges that the trial court should have granted his motions for a directed verdict, made at the close of the State's case-in-chief and at the end of the trial. After the initial denial, Jackson presented evidence on his behalf, specifically, his own testimony, thus waiving any issue with regard to the denial of the motion for a directed verdict made at the close of the State's case-in-chief. See Snow v. State, 560 N.E.2d 69, 74 (Ind. Ct. App. 1990) ("[O]ne who elects to present evidence after a denial of his motion for directed verdict made at the end of the State's case waives appellate review of the denial of that motion"), trans. denied. His challenge to the denial of the motion made at the close of trial is essentially a challenge to the sufficiency of the evidence. Proffit v. State, 817 N.E.2d 675, 680 (Ind. Ct. App. 2004), trans. denied. Accordingly, we address the sufficiency of the evidence as a consolidated issue.

back door of 906 N. College, a dilapidated and apparently vacant house,[3] then scratched and barked at the back door. Officer Bryan Miller looked through a window and was able to observe gym bags and a bottle of Remy Martin brandy like that found in the nearby backyard.

The officers announced their presence and that of the canine. Receiving no response, Officer Dawson released his canine into the house. As the officers searched the first floor, they heard a man screaming that he was being bitten. After calling off the canine, the officers discovered another man, Jackson, lying underneath a bed. A third man was discovered in another bedroom. The three men were returned to Harry's Liquor and Wine Shop, where Ugwoke advised the police that the men were wearing the same clothing as that worn by his robbers.

As officers began to photograph and process items of evidence at the house, a fourth man was found hiding behind a door in the bedroom where Jackson had been found. Ultimately, police recovered three gym bags of liquor, a large amount of currency, black face masks, a BB gun, and various articles of clothing. DNA testing revealed that Jackson was the major contributor of DNA found in one black mask.

On December 7, 2012, the State charged Jackson with Robbery. He was tried before a jury and, on March 27, 2013, was convicted as charged. He received a sentence of twelve years, with two years to be served in community corrections. He now appeals.

**Discussion and Decision**

---

[3] The house lacked appliances and had very little furniture. It appeared to officers that the back door had been forced open. It was later learned that the homeowner was living in California.

In order to convict Jackson of Robbery, as charged, the State was required to prove beyond a reasonable doubt that Jackson took currency and liquor from Ugwoke by use of force or threat of force, specifically, displaying a handgun and striking Ugwoke. Ind. Code § 35-42-5-1; Tr. 4. An accomplice is criminally liable for all acts committed by a confederate which are a probable and natural consequence of their concerted action. Alvies v. State, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009). Jackson concedes that the State established that Ugwoke was the victim of a robbery and presented evidence that proceeds from that robbery were found in a house where four men were present. However, Jackson claims the State failed to prove beyond a reasonable doubt that he was one of the three robbers as opposed to an innocent bystander.

The standard by which we review alleged insufficiency of the evidence to support a criminal conviction is well-settled:

> When reviewing the sufficiency of the evidence to support a conviction, "appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict." McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (emphasis added). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. Wright v. State, 828 N.E.2d 904 (Ind. 2005). To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it "most favorably to the trial court's ruling." Id. Appellate courts affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000) (emphasis added). It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." Moore v. State, 652 N.E.2d 53, 55 (Ind. 1995). "[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001).

Drane v. State, 867 N.E.2d 144, 146-47 (Ind. 2007).

Ugwoke testified at Jackson's trial that he "noticed the type of clothes" worn by the robbers and, on this basis, advised the police that the three men apprehended and shown to him were his robbers. (Tr. 32.) He was aware of height differences and believed that their mannerisms and dress suggested youth. Ugwoke also testified that he was able to view the surveillance video of the events in question. According to Ugwoke, the robbers had worn face masks and black clothing. When Jackson was apprehended, he was dressed in black. Jackson was found to be a major DNA contributor to a black mask found in the house with the recovered liquor. Jackson ignores Ugwoke's identification and claims that his own testimony of shared clothing provides a reasonable explanation for his DNA on the mask. Such is merely an invitation to reweigh the evidence and assess the credibility of witnesses. This we cannot do. See Drane, 867 N.E.2d at 146. There is sufficient evidence to support Jackson's conviction of Robbery.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.