**Maria E. PICKENS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A04–0101–CR–6.

Court of Appeals of Indiana.

July 10, 2001.

Mark A. Foster, Evansville, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge

Maria Pickens appeals her conviction after a bench trial of operating a vehicle while intoxicated, a Class A misdemeanor.[1] She raises three issues on appeal; we consolidate and restate those issues as two: 1) whether Pickens' detention under Ind. Code § 35–33–1–6[2] and subsequent trial and conviction subjected her to double jeopardy, and 2) whether Pickens' conviction is supported by sufficient evidence. We affirm.

### FACTS AND PROCEDURAL HISTORY

In the early morning of September 17, 1999, Sheriff's deputies in Vanderburgh County observed Pickens driving a car erratically, crossing the center line, and almost hitting mailboxes. After stopping Pickens, the deputies noticed she smelled of alcohol and had bloodshot eyes. Pickens was confused and was unable to produce her license and registration when deputies requested them. Pickens failed three field sobriety tests, and the officers arrested her at 2:38 a.m. Pickens had an asthma attack while en route to the jail, so the officers took her to the hospital. A blood alcohol test taken at the hospital showed Pickens' blood serum alcohol content to be .220%.

After she posted bond, Pickens was held until 5:30 p.m. on September 17. She was

---

**1.** Ind.Code § 9–30–5–2.

**2.** This section contains a chart "used by police to determine the detention time before release of a prisoner arrested for an alcohol-related offense." *Wilson v. State,* 533 N.E.2d 114, 116 (Ind.1989).

subsequently charged with operating while intoxicated.

## DISCUSSION AND DECISION

### 1. *Double Jeopardy*

■ We first consider whether Pickens' detention on the day of her arrest combined with her later trial and conviction subjected her to double jeopardy. Pickens argues that the detention did subject her to double jeopardy, as she was punished twice (on separate occasions) for the same offense. In addition to her conviction and sentence, Pickens was detained on September 17, 1999, from 9:00 a.m. until 5:30 p.m., or from the time she posted bond until she was presumably sober.[3]

We decline to find that a detention pursuant to Ind.Code § 35–33–1–6 is a "punishment" for double jeopardy purposes. The detention instead served the function of protecting the general public from Pickens while she was still intoxicated.

■ Additionally, we note that jeopardy does not attach until there exists an actual risk of trial and conviction:

Although the Fifth Amendment declares that no person shall be twice put in jeopardy of life or limb, this constitutional prohibition is not against being twice punished, but is against twice being put in jeopardy ... The Double Jeopardy Clause thus refers to the risk that a person will, for a second time, be convicted of the same offense ... see also *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970) (jeopardy is the risk of trial and conviction, not punishment). These cases are con-

sonant with the well-known rule that jeopardy attaches when a jury has been impaneled and sworn.

*Bryant v. State*, 660 N.E.2d 290, 299 (Ind. 1995). Therefore, jeopardy would not attach for Pickens' eight-hour detention following arrest.

### 2. *Sufficiency of the Evidence*

■ We next consider whether sufficient evidence exists to support Pickens' conviction of operating while intoxicated. In reviewing whether the evidence presented at trial was sufficient to convict, we will affirm a conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, and without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Kimp v. State*, 546 N.E.2d 1193, 1196 (Ind.1989). When a conviction is based on circumstantial evidence, we will not disturb the verdict if the trier of fact could reasonably infer that the defendant is guilty beyond a reasonable doubt from the evidence presented. *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995). The circumstantial evidence need not overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Mills v. State*, 512 N.E.2d 846, 848 (Ind.1987).

■ Pickens argues the evidence was insufficient because the State offered evidence of only her blood serum alcohol content, not her whole blood alcohol content.[4]

---

3. The record does not contain evidence regarding why Pickens was detained; therefore, we presume her detention occurred pursuant to Ind.Code § 35–33–1–6.

4. Blood serum samples produce a higher alcohol content than whole blood samples, and a mathematical calculation is necessary to convert a serum alcohol content into a whole blood alcohol content. *Melton v. State*, 597 N.E.2d 359, 361 (Ind.Ct.App.1992).

We disagree. Pickens was charged with violating Ind.Code § 9–30–5–2, operating a vehicle while intoxicated. Thus, the State was required to prove beyond a reasonable doubt that Pickens 1) operated a vehicle, 2) while intoxicated. This statutory section does not require proof of a specific blood alcohol content, as does Ind.Code § 9–30–5–1, operating a vehicle with ten-hundredths percent blood alcohol content or greater.

First, Deputy Brian Spradlin's testimony that he observed Pickens driving her vehicle erratically is sufficient to satisfy the element of operating a vehicle. Next, proof of Pickens' intoxication could be established by a showing of impairment, as under Ind.Code § 9–30–5–2, there is no statutory requirement of proof of a particular blood alcohol content above which a person is intoxicated. Evidence of the following can establish impairment: (1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech. *Ballinger v. State*, 717 N.E.2d 939, 943 (Ind.Ct.App.1999).

Deputy Spradlin testified that he observed Pickens' erratic driving and saw that she was unable to maintain her lane of travel, crossed the center line numerous times, and almost struck mailboxes while driving. He testified that Pickens was confused after he pulled her over, and she was unable to produce her license or registration. He testified he smelled the odor of alcoholic beverages and saw her bloodshot eyes. He additionally testified she failed three field sobriety tests and that she almost fell down during the "walk and turn" test and during the "one legged stand" test. Thus, testimony was offered that Pickens showed five of the seven above-listed signs of intoxication. We find this to be ample evidence to support her conviction.

Pickens also argues that the trial court improperly admitted the blood serum test results without explanation of the mathematical "conversion factor" necessary to translate serum alcohol content results to whole blood alcohol content results. She implies that without the blood serum results, her conviction would fail for insufficient evidence. We disagree, as blood alcohol results are not necessary to support a conviction of operating while intoxicated under Ind.Code § 9–30–5–2. See *Mehidal v. State*, 623 N.E.2d 428, 432 (Ind.Ct.App.1993). In any event, the admission of the blood serum results without explanation of the conversion factor and without testimony regarding what the whole blood alcohol content would be after conversion was harmless error, as sufficient evidence was offered through Deputy Spradlin's testimony to support Pickens' conviction.

Affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.