**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 12 2013, 8:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD J. BERGER**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

HENRY KEITH HOLLOWAY,    )
                         )
    Appellant-Defendant,    )
                         )
      vs.    )    No.  71A05-1202-CR-58
                         )
STATE OF INDIANA,    )
                         )
    Appellee-Plaintiff.    )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1105-FC-89

**March 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Henry Holloway ("Holloway") was convicted after a jury trial of Operating a Motor Vehicle After Lifetime Suspension of Driving Privileges ("Operating After Lifetime Suspension")[1], as a Class C felony, and of Operating a Vehicle While Intoxicated[2], as a Class A misdemeanor. Holloway raises for review the single issue of whether the State presented sufficient evidence about his operation of the vehicle to support the convictions.

We affirm.

## Facts and Procedural History

While on patrol the night of May 9, 2011, at around 10:30 p.m., South Bend Police Department ("SBPD") Officer Tyler Donlon ("Officer Donlon") observed a red Pontiac fail to come to a complete stop at a stop sign on the corner of Walnut Street and Lincolnway West. Officer Donlon followed the Pontiac in his patrol car for one or two minutes without activating the overhead lights on his patrol car. The Pontiac pulled into a private driveway at 1238 Lincolnway West and stopped. Officer Donlon activated his red and blue emergency lights to initiate a traffic stop but did not exit his patrol car because he observed that the Pontiac "was still in gear," had an "open way out the back," and he was "unsure what [the driver] was going to do."

Five blocks away, Officer Andrew Nowak ("Officer Nowak") was driving west on Lincolnway West when he observed a red car make a turn followed immediately by the

[1] Ind. Code § 9-30-10-17.

[2] I.C. § 9-30-5-1(b).

2

flashing of a police car's overhead lights. Officer Nowak pulled alongside the other police car, which was driven by Officer Donlon. After a brief conversation between the two patrolmen during which Officer Donlon expressed interest in the red car, both officers pulled their vehicles up behind the Pontiac.

Officer Nowak approached the driver's side of the Pontiac while Office Donlon approached the passenger's side. Holloway, the only person in the vehicle, was seated in the driver's seat. When Officer Nowak asked for identification, Holloway said he did not have any, but gave Officer Nowak his name and date of birth. Officer Nowak returned to his patrol car to run Holloway's information using the Indiana Bureau of Motor Vehicles database, which indicated that Holloway was a habitual traffic violator. Officer Nowak returned to the Pontiac and placed Holloway under arrest. Holloway was transported to the police station where police administered sobriety tests and a Data Master certified breath test.

On May 11, 2011, the State charged Holloway with Operating After Lifetime Suspension, as a Class C felony, and Operating While Intoxicated, as a Class A misdemeanor. The State also alleged him to be a Habitual Offender[3] but moved to dismiss the allegation before the end of Holloway's first trial. Holloway was tried before a jury on October 3 and 4, 2011. The court declared a mistrial on October 4, 2011. On December 5 and 6, 2011, Holloway was re-tried before a jury and found guilty as charged. The trial court imposed a sentence of four years for Operating After Lifetime Suspension which was to run concurrently with a one year sentence for Operating While Intoxicated. Both sentences were

---

[3] I.C. § 35-50-2-8.

to run consecutively to a sentence imposed from a previous conviction.

## Discussion and Decision

Our standard of review for challenges to the sufficiency of the evidence is well settled:

We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

Thompson v. State, 966 N.E.2d 112, 122 (Ind. Ct. App. 2012), trans. denied.

To convict Holloway of Operating After Lifetime Suspension, the State needed to prove beyond a reasonable doubt that Holloway operated a motor vehicle after his driving privileges were forfeited for life. I.C. § 9-30-10-17. To convict Holloway of Operating While Intoxicated, the State needed to prove beyond a reasonable doubt that Holloway operated a motor vehicle with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) gram of alcohol per one hundred (100) milliliters of his blood or two hundred ten (210) liters of the person's breath. I.C. § 9-30-5-1. Holloway's sole contention is that the State failed to produce sufficient evidence that he drove the red Pontiac, thus failing to prove either charge beyond a reasonable doubt.

To meet its burden, the State offered the testimony of Officers Donlon and Nowak. Officer Donlon testified that he followed the red Pontiac from the time it ran the stop sign on Walnut Street to the time it stopped in the driveway at 1238 Lincolnway West. He also testified that during the entire time that he was behind it, the red Pontiac did not stop nor did

4

anyone enter or exit the vehicle. Though unable to directly identify Holloway as the driver, Officer Donlon testified that there was only one person in the red Pontiac; and that person was sitting in the driver's seat when he and Officer Nowak approached the vehicle. Officer Nowak testified that there was only one person in the car. He identified that person as Holloway, and that Holloway was in the driver's seat. Officer Nowak also testified that no one entered or exited the vehicle from the time he arrived on the scene. The officers' combined testimony provides sufficient evidence for a reasonable trier of fact to find beyond a reasonable doubt that Holloway drove the red Pontiac.

## Conclusion

The evidence is sufficient to prove beyond a reasonable doubt that Holloway is guilty of Operating a Motor Vehicle After Lifetime Suspension of Driving Privileges, as a Class C felony, and of Operating a Vehicle While Intoxicated, as a Class A misdemeanor.

Affirmed.

VAIDIK, J., and BROWN, J., concur.

5