**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELIZABETH A. HARDTKE**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVETTA DAVIDSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1401-CR-4 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jenny Pitts Manier, Judge
The Honorable Brian W. Steinke, Magistrate
Cause No. 71D01-1206-CM-3563

**September 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Davetta Davidson ("Davidson") was convicted of Criminal Mischief, as a Class B misdemeanor.[1] She challenges her conviction based on the sufficiency of the evidence. We affirm.

**Facts and Procedural History**

On June 7, 2012, Latanya Jones ("Jones") was inside her St. Joseph County home when she observed, through the window, Davidson approaching the house. (Tr. 7.) Jones knew Davidson because Davidson lived on the same street as Jones and was a friend of Jones's former boyfriend. (Tr. 6, 9.) As she approached, Davidson threw a brick through Jones's window, which caused the glass window panes to break. (Tr. 7-8.) Davidson then left the property and headed toward her own home. (Tr. 9.) Jones called the police. (Tr. 10.)

Before the police arrived, Jones saw Davidson approaching the house again. (Tr. 11.) Jones called the police a second time. (Tr. 11.) Jones then heard two additional windows at the front of her house shatter. (Tr. 11-12.) Jones opened her front door and saw Davidson standing in the front yard. (Tr. 12.) Davidson then said "do you want some more or . . . do you want to come outside . . . ." (Tr. 12.) Davidson again left the property. (Tr. 13).

Shortly thereafter, South Bend Police Department Officer Dominic Zarate ("Officer Zarate") arrived at Jones's home. (Tr. 14, 50.) Jones provided Officer Zarate with a description of Davidson and directed the officer toward Davidson's home. (Tr. 51.) Officer Zarate and fellow Officer Sweeney arrested Davidson at her home. (Tr. 52, 65.)

---

[1] Ind. Code § 35-43-1-2(a)(1) (2013).

On June 13, 2012, the State charged Davidson with one count Criminal Mischief. On December 4, 2013, a bench trial was conducted, at the conclusion of which Davidson was found guilty. The court sentenced Davidson to one day of imprisonment with time served. She now appeals her conviction.

**Discussion and Decision**

Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." Id. at 147 (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

Pursuant to Indiana Code section 35-43-1-2, a person who recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent commits criminal mischief. I.C. 35-43-1-2(a)(1) (2013). The State charged that Davidson "did recklessly damage or deface the property of Latayna Jones, to-wit: threw a brick throught [sic] her windows by damaging same without the consent of Latayna Jones." (Appellant's App. 3.)

Davidson argues that the evidence is insufficient to support her conviction for criminal mischief. Davidson's argument has two parts. First, she contends that the State did not

provide sufficient evidence that Davidson threw a brick through Jones's window and caused damage. Second, she asserts that the evidence was insufficient because Jones's testimony was incredibly dubious. We address each argument in turn.

The State presented sufficient evidence to permit the fact-finder to find beyond a reasonable doubt that Davidson recklessly damaged Jones's property without Jones's consent. Jones testified that she witnessed Davidson throw a brick through one of her windows. (Tr. 7.) Jones identified Davidson in court as the person who threw the brick. (Tr. 7.) Jones also testified that the brick caused damage when the brick shattered the window glass. (Tr. 8.) Finally, Jones testified that she did not give Davidson permission to break the windows or otherwise damage Jones's property. (Tr. 15-16.)

As to the second and third windows, Jones consistently testified that she saw Davidson approach the house a second time. (Tr. 11, 28, 45.) Jones also testified that, immediately after the second and third windows shattered, she saw Davidson standing in her front yard. (Tr. 12, 45-46.) Jones testified that Davidson then said "do you want some more or . . . do you want to come outside . . . ." (Tr. 12, 46.) These facts permit the logical inference that Davidson—the only person outside of Jones's house immediately before and after the incident—caused the damage.

A conviction may be sustained on the uncorroborated testimony of a single witness or victim. Baltimore v. State, 878 N.E.2d 253, 258 (Ind. Ct. App. 2007). Here, the trier of fact found Ms. Jones's testimony credible. (Tr. 83.) To the extent Davidson now draws our

attention to other evidence, we decline her invitation to reweigh it. See Drane, 867 N.E.2d at 146.

Davidson also urges this court to apply the incredible dubiosity rule to Jones's testimony. Under the incredible dubiosity rule, this Court may impinge upon the responsibility of the fact-finder to judge the credibility of witnesses when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony. Manuel v. State, 971 N.E.2d 1262, 1271 (Ind. Ct. App. 2012). A defendant's conviction may be reversed where a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence. Id. However, application of this rule is rare, and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. Id.

Davidson's reliance on the incredible dubiosity rule is misplaced. Davidson primarily asks us to reweigh inconsistencies between Jones's testimony at trial and Officer Zarate's testimony and the police report regarding the bricks. (Appellant's Brief 8-9.) However, the rule "applies only when a witness contradicts [herself] in a single statement or while testifying, not to conflicts between multiple statements." Glenn v. State, 884 N.E.2d 347, 356 (Ind. Ct. App. 2008). Jones's testimony lacks such internal contradictions. Furthermore, Jones never deviated from her testimony that Davidson threw the brick through the first window, or that Jones saw Davidson on Jones's property immediately before and after the second and third windows broke. The incredible dubiosity rule also does not apply because

the State presented circumstantial evidence of the crime, including Officer Zarate's observation of freshly broken glass at Jones's home. (Tr. 53.)

We accordingly conclude there was sufficient evidence to sustain Davidson's conviction for criminal mischief.

Affirmed.

NAJAM, J., and PYLE, J., concur.