**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 24 2014, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL E. JOHNSON, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  49A02-1405-CR-300 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION COUNTY SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
The Honorable Steven J. Rubick, Commissioner
Cause No. 49G01-1201-FC-1535

**November 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Michael E. Johnson ("Johnson") was convicted of Failure to Register as a Sex Offender, as a Class C felony.[1] He now appeals, contending that the State failed to adduce sufficient evidence to support his conviction; the State concedes a failure of proof as to Johnson's duty to register.[2]

We reverse.

**Facts and Procedural History**

On November 17, 1994, when he was eighteen years old, Johnson was convicted of Rape, as a Class B felony, for an offense he committed while he was seventeen years old.[3]

On January 6, 2012, while investigating other matters, police attempted to make contact with Johnson at several addresses in Indianapolis. Among these was an address he had provided on a registration form in 2011. Police officers visited this location, but Johnson did not reside at that address. The occupant of the home did not know Johnson and was unable to provide police with any information as to Johnson's whereabouts. Police eventually located Johnson at another location. Johnson was arrested.

On January 10, 2012, Johnson was charged with two counts of Failure to Register as a Sex Offender, as Class D felonies enhanced to Class C felonies as a result of prior

---

[1] Ind. Code §§ 11-8-8-17(a) & (b).

[2] Johnson also contends that the State failed to adduce sufficient evidence at trial as to prior convictions for Failure to Register as a Sex Offender. Because we decide the appeal on other grounds, we do not address his arguments on that matter.

[3] I.C. § 35-42-4-1 (as in effect at the time of Johnson's conviction).

2

convictions, and with one count of Failure of a Sex or Violent Offender to Possess Identification, as a Class A misdemeanor.[4]

On November 8, 2013, and December 6, 2013, a bifurcated bench trial was conducted. Johnson moved for judgment on the evidence, and counsel for Johnson and the State submitted briefs to the trial court on whether there was sufficient evidence to support a guilty finding. On March 7, 2014, the trial court denied Johnson's motion and after the parties' closing arguments, the trial court found Johnson guilty of two counts of Failure to Register as a Sex Offender, one as a Class C felony, and one as a Class A misdemeanor.[5]

A sentencing hearing was conducted on April 8, 2014. At the hearing, the trial court denied a motion Johnson had filed requesting that the trial court reconsider its denial of his motion for judgment on the evidence. At the conclusion of the hearing, the trial court entered a judgment of conviction against Johnson for Failure to Register as a Sex Offender, as a Class C felony; merged the finding for Failure of a Sex or Violent Offender to Possess Identification, as a Class A misdemeanor, into the Class felony conviction; and sentenced Johnson to eight years imprisonment.

This appeal ensued.

---

[4] I.C. § 11-8-8-15.

[5] The trial court found Johnson not guilty as to the other count of Failure to Register as a Sex Offender, as a Class C felony.

3

**Discussion and Decision**

On appeal, Johnson contends there was insufficient evidence to sustain his conviction for Failure to Register as a Sex Offender, as a Class C felony. Our standard of review in sufficiency cases is well settled. We consider only the probative evidence and reasonable inferences supporting the judgment. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). There is sufficient evidence if an inference may reasonably be drawn from the evidence to support the judgment. Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

To convict Johnson of Failure to Register as a Sex Offender, as a Class C felony, as charged, the State was required to prove beyond a reasonable doubt that on January 6, 2012, Johnson had previously been convicted of Failure to Register as a Sex Offender on August 28, 2009 or March 6, 2008, and that on January 6, 2012, he had a duty to register as a sexual offender but knowingly or intentionally failed to do so by failing to reside at the address he had provided as a condition of his status. See I.C. § 11-8-8-17(a)(5) & (b).

Johnson concedes that he was convicted of Rape in 1994, and that in 2008 and 2009 he was convicted for failing to register as a sex offender. He does not dispute that he provided registration information listing as his address a location at which he did not reside.

4

Johnson's sole contention is that the State failed to prove beyond a reasonable doubt that he had a duty to register as a sex offender at the time of his arrest in January 2012.

Our supreme court has addressed a number of challenges to convictions for Failure to Register as a Sex Offender related to the multiple revisions of the sex offender registration statutes since those statutes were enacted in 1994. See Lemmon v. Harris, 949 N.E.2d 803, 806 (Ind. 2011). As originally drafted, an individual who committed one of eight offenses—including Rape where the victim was less than eighteen years old—was required to register with law enforcement agencies for a set period of time. I.C. § 5-2-12-1 et seq. (West 1994); Wallace v. State, 905 N.E.2d 371, 374-75 (Ind. 2009).[6] Over time, the statutes have been amended to expand "in both breadth and scope." Wallace, 905 N.E.2d at 375. As a result, increases have been enacted as to the number of offenses that trigger the registration requirement, the length of time during which sex offenders must register, the information that must be provided to law enforcement, the information that is made public, and the criminal penalties associated with failure to comply with registration requirements. Id. at 375-77.

In 1998, the legislature created a "sexually violent predator" status. Being adjudicated as such would occur only after a hearing at which a court found that a defendant had a mental abnormality or personality disorder making it likely that the defendant would continue to commit certain sex offenses. See I.C. § 5-2-12-4.5 (West 1998); I.C. § 35-38-

---

[6] I.C. § 5-2-12-1, et seq., has been recodified at, *inter alia*, I.C. § 11-8-8-1, et seq.

1-7.5 (West 1998). Such individuals were required to register for an "indefinite" period until a court found that sexually violent predator status no longer applied. I.C. § 5-2-12-13(b) (West 1998). Unless an individual was adjudicated as a sexually violent predator, the duty to register expired ten years after an individual was released from the latest of prison, parole, or probation. I.C. § 5-2-12-13(a) (West 1998).

With respect to sexually violent predator status, the legislature amended the sex offender registration statutes in 2006. That amendment provided two ways in which a defendant could be adjudicated as a sexually violent predator. The legislature left largely undisturbed the provisions concerning a finding of sexually violent predator status as a result of a hearing. I.C. § 35-38-1-7.5(a) (West 2006) (recodifying substantive provisions previously at I.C. 5-2-12-14.5). However, the legislature also provided that an individual "at least eighteen (18) years of age" who commits certain offenses—including Rape—is a sexually violent predator based solely upon commission of the listed offenses. I.C. §§ 35-38-1-7.5(b) – (e) (West 2006). The statute nevertheless left in place the requirement that a court separately adjudicate a defendant as a sexually violent predator. Id.

In 2007, the legislature further amended the sexually violent predator provisions of the Indiana Code to provide that sexually violent predator status attached by operation of law, without requirement for separate finding, in the event a defendant committed certain offenses. I.C. § 35-38-1-7.5(b) (West 2007). In such situations, the trial court must instead at sentencing "indicate on the record whether the person has been convicted of an offense" that renders the defendant a sexually violent predator by operation of law. I.C. § 35-38-1-

7.5(d) (West 2007). The substance of these provisions, as they bear upon the present case, remain the same at the time of this Court's opinion today. See I.C. §§ 35-38-1-7.5(b) & (d) (West 2014).

The State contended at trial that as a result of his 1994 conviction for Rape, Johnson was a sexually violent predator and, as a result, Johnson was required to register indefinitely with law enforcement under the registration statutes. However, the State concedes on appeal: "in this case, Defendant appears never to have been subjected to a hearing to determine 'SVP' [sexually violent predator] status, and throughout his trial, the State's position admittedly was that he qualified as a sexually violent predator by operation of law" because of Johnson's prior conviction of Rape. (Appellee's Br. at 8.) The State goes on to concede that while this would have been the case had Johnson been eighteen at the time he committed the offense, and that *ex post facto* constitutional considerations would not have been implicated, he was not yet eighteen when he committed Rape in 1994. See I.C. § 35-38-1-7.5(b)(1) (establishing sexually violent predator status for "[a] person who … being at least eighteen (18) years of age, commits an offense").

Thus, Johnson was not a sexually violent predator either by operation of law or by virtue of a separate finding by a trial court. There is neither evidence nor argument that Johnson was otherwise within the ten-year registration period required of sex offenders not adjudicated as sexually violent predators.

Accordingly, as Johnson's brief notes, his age at the time he committed Rape is dispositive. Based upon the evidence submitted at trial, Johnson was not under any duty

7

to register as a sex offender, and we accordingly reverse the judgment of the trial court and remand with instructions to vacate Johnson's conviction in this matter.

Reversed and remanded.

NAJAM, J., and PYLE, J., concur.