## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 20 2015, 9:50 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Lawrence D. Newman<br>Newman & Newman, P.C.<br>Noblesville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Christina D. Pace<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danny Lewis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 20, 2015<br><br>Court of Appeals Cause No.<br>29A04-1409-CR-440<br><br>Appeal from the Hamilton County<br>Superior Court<br>The Honorable William J. Hughes<br>Cause No. 29D03-1401-CM-377 |

**Bailey, Judge.**

# Case Summary

[1] Danny Lewis ("Lewis") was convicted after a bench trial of one count of Invasion of Privacy, as a Class A misdemeanor. He now appeals, raising for

our review one issue: whether there was sufficient evidence to support his conviction.

[2] We affirm.

# Facts and Procedural History

[3] On January 13, 2012, in Cause Number 29D03-1104-FB-006367 ("Cause 6367"), Lewis was convicted of one count of Child Molesting. Part of Lewis's sentence was suspended to probation.

[4] Included among the terms of his probation was the requirement that Lewis comply with a no-contact order as to H.E., his victim in the Child Molesting case. (Exs. 1 & 2.) The order provided, in relevant part, that Lewis could have no contact with H.E. "in person, by telephone or letter, through an intermediary, or in any other way, directly or indirectly, except through an attorney of record" during his probation. (Ex. 2.) In addition, a separate no-contact order was entered when Lewis was sentenced, which proscribed contact with H.E. during the period of Lewis's executed sentence in the Department of Correction. (App'x at 11-12.) Lewis was present at the sentencing hearing where these requirements were imposed, and signed and initialed an Order of Probation that included reference to the no-contact order during the term of probation. (Ex. 3.)

[5] On December 20, 2013, Lewis sent mail to H.E. and her mother ("Mother"). The envelope was addressed to both H.E. and Mother. The envelope included two Christmas cards, one for H.E., and one for Mother. (Ex. 4; Tr. at 8.)

[6] The card addressed to H.E. had "Winnie the Pooh" art and was addressed to "Pooh," which was Lewis's nickname for H.E. The card read, "When we pray for what is God's will, we can be confident that God will hear our prayers. My prayers are with you daily." (Ex. 5.)

[7] When the envelope arrived at Mother and H.E.'s home, Mother opened the envelope. She did not give the card to H.E. Mother did, however, tell H.E. that the card had come and who had sent it. H.E. "had no interest in seeing it." (Tr. at 9.)

[8] On January 15, 2014, the State charged Lewis with Invasion of Privacy. A bench trial was conducted on August 21, 2014, at the conclusion of which the court found Lewis guilty as charged, entered a judgment of conviction against him, and sentenced him to one year imprisonment to run consecutively to the sentence in Cause 6367.

[9] This appeal ensued.

# Discussion and Decision

[10] In his appeal, Lewis contends that there was not sufficient evidence to sustain his conviction for Invasion of Privacy, as charged. Our standard of review in such cases is well settled. We consider only the probative evidence and

reasonable inferences supporting the bench trial. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[11] To convict Lewis of Invasion of Privacy, as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Lewis knowingly violated a no-contact order issued under Indiana Code section 35-38-1-30, which order prohibited him from direct or indirect contact with H.E. during his imprisonment.[1] *See* I.C. § 35-46-1-15.1(13); App'x at 8.

[12] In his appeal, Lewis concedes that as a condition of his executed sentence, he was subject to a no-contact order as to H.E., which order was issued under Indiana Code section 35-38-1-30. Lewis also concedes that he mailed the two cards to H.E. and Mother. Lewis's sole contention is that the evidence

---

[1] Indiana Code section 35-38-1-30 provides that a court may, as a condition of an executed sentence, require a person to refrain from direct or indirect contact with an individual.

presented at trial was insufficient to sustain his conviction because the testimony presented at trial was that Mother received the cards, told H.E. about the card Lewis had addressed to "Pooh," but did not give H.E. the card. This, Lewis contends, amounts to a failure of proof that he contacted H.E. either directly or indirectly.

[13] In support of his position, Lewis directs our attention to this Court's prior decision in *Huber v. State*, 805 N.E.2d 887 (Ind. Ct. App 2004). In that case, *Huber* was convicted after a jury trial of Invasion of Privacy as to his ex-wife, who had obtained a protective order precluding him from contacting her either directly or indirectly. *Id.* at 891-92. Huber had repeatedly contacted a domestic violence advocate with whom Huber's ex-wife had been working, and on many of these occasions demanded that the advocate convey questions and messages to his ex-wife on his behalf. The advocate did not convey any of Huber's communications, and repeatedly told Huber that she could not and would not do so. *Id.* at 892. Based upon this evidence, the *Huber* Court reversed Huber's conviction for Invasion of Privacy, but affirmed a conviction for Intimidation as to the victim advocate. *Id.*

[14] The present case is readily distinguished from *Huber*. Lewis argues that he "did not even request that the Christmas card be given to [H.E.]" and that because the card was not given to H.E., "any attempt to contact [her] indirectly … was incomplete." (Appellant's Br. at 9-10.) Yet Mother testified that Lewis's card was made known to H.E. And, contrary to Lewis's insistence that he did not request the card be given to H.E., Lewis's envelope was addressed to both

Mother *and* H.E. Unlike in *Huber*, an indirect form of contact was addressed to H.E. and was achieved. Thus, we cannot conclude there was insufficient evidence to sustain the trial court's judgment.

[15] We note here that the State did not present as an exhibit at trial the no-contact order issued as a condition of Lewis's executed sentence. Rather, the State introduced into evidence the no-contact order issued as a condition of Lewis's probation. Lewis's probation had not yet fully commenced because at the time of the instant offense, Lewis was incarcerated and sent the envelope to H.E. from prison. The existence of a no-contact order related to Lewis's executed sentence precludes reversal of the judgment in this case.

[16] There are two statutes that afford authority to the trial courts to impose no-contact orders as to victims of criminal offense. The statute at issue in this case authorizes such orders during the executed prison sentences of defendants, *see* I.C. § 35-38-1-30, but the State introduced documents related to the terms of Lewis's probation imposed under Section 35-38-2-2.3. Thus, as Judge Robb observed in a concurrence in another case before this court, there may be distinctions between executed and probationary periods and the applicability of no-contact orders during those periods that bear upon the outcomes of future cases. Howe v. State, No. 12A02-1405-CR-320, slip op. at 14-17 (Ind. Ct. App. Jan. 30, 2015) (Robb, J., concurring in result). We mention this matter to remind the State that while there was no effect upon Lewis's conviction, such may not be the case in other appeals.

Because we conclude there was sufficient evidence to sustain Lewis's conviction, we accordingly affirm the judgment against him.

Affirmed.

Robb, J., concurs.

Brown, J., concurs in result.