## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Cindi J. Andrews
Plymouth, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronal Zelaya Hernandez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 25, 2015

Court of Appeals Case No.
50A03-1412-CR-436

Appeal from the Marshall Superior Court No. 1

The Honorable Robert O. Bowen, Judge

Trial Court Cause No.
50D01-1405-FB-22

**Bailey, Judge.**

# Case Summary

Ronal Zelaya Hernandez ("Hernandez") appeals his conviction and sentence for Sexual Misconduct with a Minor, as a Class B felony.[1]  We affirm.

# Issues

Hernandez presents two issues for our review, which we reorder and restate as:

   I.     Whether there was sufficient evidence to support his conviction; and

   II.    Whether his sentence was inappropriate.

# Facts and Procedural History

Thirty-five-year-old Hernandez lived in Plymouth, Indiana with his wife, Misty Zelaya ("Misty"), the couple's six-year-old son, and Misty's fourteen-year-old daughter from a previous relationship, K.R.  In December 2013, Hernandez began spending more time with K.R. by taking her out to eat and bringing her to the shop where he worked on his truck. On one occasion while K.R. was at the shop, Hernandez attempted to kiss K.R. and fondled her breasts, buttocks, and genitals over her clothes.

---

[1] Ind. Code § 35-42-4-9(a)(1).  Due to substantial revisions to the Indiana Code effective July 1, 2014, this offense is now a Level 4 felony.  Throughout this opinion, we refer to the versions of the statutes in effect at the time of Hernandez's offense.

On April 5, 2014, Hernandez drove K.R. and her fifteen-year-old friend, S.H., to go bowling in South Bend. On the way, Hernandez stopped at a liquor store and purchased beer for the girls. Hernandez then drove K.R. and S.H. to Cirilla's, an adult lingerie store, where, at Hernandez's suggestion, the girls went inside while Hernandez waited in the car. Hernandez eventually drove the girls to the bowling alley. On the way home, while K.R. was dozing off, Hernandez asked S.H. to perform oral sex on him, but S.H. thought he was joking and refused. Hernandez then drove the girls home.

On April 10, 2014, Hernandez, Misty, their son, and K.R. were all home for dinner. Around 5:50 p.m., Misty left to take their son to soccer practice. K.R. went to her room. Shortly after, Hernandez entered and sat down on K.R.'s bed. At 5:58 p.m., K.R. took a "selfie" photograph showing part of her face in the foreground and Hernandez on the bed in the background. Hernandez asked K.R. not to put the photo on Facebook, but did not object to K.R. sending the photograph to S.H. Hernandez then got off the bed and began touching K.R. over her clothing on her breasts, buttocks, and genitals. He pushed K.R. onto the bed, removed his pants, and pulled off K.R.'s leggings and underwear. Hernandez held K.R. down by her shoulders and inserted his penis into her vagina. He then pushed K.R. to her knees and forced his penis into her mouth. Hernandez then moved K.R. back to the bed, where he again penetrated her vaginally. He also attempted to penetrate her anally, but K.R. struggled and Hernandez resumed vaginal penetration. Hernandez then stopped, removed

his shirt, and ejaculated into the shirt. Hernandez told K.R. not to tell anyone, including her mother or S.H.

[6] After crying in the bathroom, K.R. got dressed and went to a neighbor's house around 6:30 p.m. When Misty returned home around 7:00 p.m. and discovered K.R. was gone, she went to the neighbor's house to retrieve K.R. When mother and daughter returned home, K.R. called S.H. and attempted to tell her friend about the assault. Hernandez interrupted the call and demanded that K.R. accompany him to Dairy Queen. On the way there and back, Hernandez told K.R. multiple times not to tell anyone about what happened. Once back at the house, K.R. called several friends, who encouraged her to tell Misty. When K.R. eventually disclosed the incident to her mother, Misty immediately confronted Hernandez, who responded: "I knew this was going to happen." (Tr. 205.) The police were called.

[7] Before the police arrived, Hernandez left the house. When he returned, police officers placed him in handcuffs and took him to the police station for questioning. After receiving Miranda warnings, Hernandez made a statement to the police and was released. K.R. was taken to the hospital for a sexual assault exam. After further investigation, a warrant was issued for Hernandez's arrest.

[8]     On May 8, 2014, the State charged Hernandez with Rape, as a Class B felony[2] ("Count 1"); Sexual Misconduct with a Minor, as a Class B felony ("Count 2"); and Child Seduction, as a Class C felony[3] ("Count 3"). On October 8, 2014, the trial court granted the State's motion to dismiss Count 3.

[9]     A jury trial was held on October 14 and 15, 2014, at the conclusion of which the jury found Hernandez not guilty of Count 1 and guilty of Count 2. The trial court entered judgment of conviction on Count 2. A sentencing hearing was held on November 13, 2014, at which the trial court sentenced Hernandez to fifteen years imprisonment at the Indiana Department of Correction. Hernandez now appeals his conviction and sentence.

# Discussion and Decision

[10]    Hernandez first challenges the sufficiency of the evidence to support his conviction. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726

---

[2] I.C. § 35-42-4-1(a)(1).

[3] I.C. §§ 35-42-4-7(m) & (p)(2).

N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[11] A person at least twenty-one years of age who, with a child at least fourteen years of age but less than sixteen years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, as a Class B felony. I.C. § 35-42-4-9(a)(1). The State charged that on or about April 10, 2014, "Hernandez, a person at least twenty-one (21) years of age, did perform sexual intercourse and/or or [sic] deviate sexual conduct with KR, a child at least fourteen (14) years of age but less than sixteen (16) years of age, to-wit: 14." (App. 11.)

[12] Hernandez does not challenge the facts that, at the time of the sexual assault, he was thirty-five years old and K.R. was fourteen-years-old. The only issue, then, is whether Hernandez performed sexual intercourse or deviate sexual conduct with K.R.[4] Hernandez argues that there was insufficient evidence to support his conviction because "[n]o physical evidence was found" and "the lack of physical evidence could cause reasonable doubt." (Appellant's Br. 6.) However, it is well-established that a conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the

---

[4] "Sexual intercourse" means an act that includes any penetration of the female sex organ by the male sex organ. I.C. § 35-31.5-2-302. "Deviate sexual conduct" means an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object. I.C. § 35-31.5-2-94.

victim. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012) (citing *Ferrell v. State*, 565 N.E.2d 1070, 1072-73 (Ind. 1991)). At trial, K.R. testified that Hernandez inserted his penis into her vagina and her mouth. This testimony alone was sufficient to establish that Hernandez performed sexual intercourse and deviate sexual conduct with K.R. There was sufficient evidence to support Hernandez's conviction for Sexual Misconduct with a Minor.

[13] Hernandez next argues that his fifteen-year sentence was inappropriate. Article 7, Section 6 of the Indiana Constitution grants this Court authority to independently review and revise a sentence imposed by the trial court. To implement this grant of authority, Indiana Appellate Rule 7(B) provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The analysis is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The principal role of our review is to leaven the outliers, and our review is very deferential to the trial court. *Id.* The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Id.*

[14] Hernandez was convicted of a Class B felony, which carries a sentencing range of six to twenty years, with the advisory sentence being ten years. I.C. § 35-50-2-5. In a sentencing statement in which the trial court identified three

aggravating and four mitigating factors,[5] the trial court concluded that the aggravating circumstances outweighed the mitigating factors and imposed a fifteen-year sentence.

[15] Citing the aggravating and mitigating factors considered by the trial court, Hernandez argues that "[t]he mitigating factors should have been considered in connection to the advisory sentence" and "it would have been appropriate for the trial court to sentence [him] to a period of incarceration with a portion of the sentence suspended requiring probation and counseling." (Appellant's Br. 5.) Hernandez's argument appears to be an invitation to this Court to reweigh the aggravating and mitigating circumstances identified by the trial court and to conclude that a different sentence would have been more appropriate. In reviewing a trial court's sentence on appeal, however, "[t]he relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse" of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Rather, in conducting our independent review on appeal, we look only to the nature of the offense and the character of the offender. App. R. 7(B).

---

[5] In imposing Hernandez's sentence, the trial court found three aggravating factors: (1) Hernandez violated a position of trust he held with K.R.; (2) Hernandez planned the offense over time, i.e. engaged in "grooming," and made sexual advances to another underage girl; and (3) Hernandez made intimidating remarks to K.R. after the offense. The court found four mitigating factors: (1) Hernandez has no prior felony convictions; (2) the probation department evaluated Hernandez as having a low risk to reoffend; (3) Hernandez has a strong family support network; and (4) Hernandez has a dependent in need of his support.

As to the character of the offender, Hernandez has no prior criminal history. But as to his offense, Hernandez engaged in sexual intercourse and deviate sexual conduct with his fourteen-year-old stepdaughter, a child he had known since her infancy. Further, Hernandez "groomed" his victim by purchasing alcohol for her and her teenage friend and encouraging the underage girls to visit an adult lingerie and sex toy shop. In light of the manifest abuse of his position of trust and pattern of escalating sexual contact with his stepdaughter, the trial court's imposition of a fifteen-year sentence was not inappropriate.

## Conclusion

There was sufficient evidence to support Hernandez's conviction for Sexual Misconduct with a Minor. Hernandez's fifteen-year sentence was not inappropriate.

Affirmed.

Baker, J., and Mathias, J., concur.