## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 20 2016, 7:18 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Townsend, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 20, 2016 <br><br> Court of Appeals Case No. 71A03-1506-CR-691 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable John M. Marnocha, Judge <br><br> Trial Court Cause No. 71D02-1503-F6-125 |

**Bailey, Judge.**

# Case Summary

[1] Michael Townsend ("Townsend") was convicted of Intimidation, as a Level 6 felony.[1] He now appeals, raising for our review the sole issue of whether there was sufficient evidence to sustain his conviction.

[2] We affirm.

# Facts and Procedural History

[3] On the evening of February 27, 2015, Townsend was at his girlfriend's home in South Bend. Townsend had been drinking to excess that night, and at some point discovered that his car's tires had been slashed. Townsend blamed his girlfriend's ex-boyfriend, and Townsend and his girlfriend began arguing.

[4] The argument continued into the early morning hours of February 28, 2015. Around 3 a.m., police were called to the home. Upon arriving, police detained and handcuffed Townsend and commenced an investigation. Based upon this investigation, police decided to arrest Townsend for battery and intimidation.

[5] Prior to this point, Townsend had been cooperative with the officers. Upon being informed that he was being placed under arrest, Townsend began to use hostile language toward police and made himself dead weight so that two officers, Gregory Howard ("Officer Howard") and David Scotkowski ("Officer

---

[1] Ind. Code §§ 35-45-2-1(a)(2) & (b)(1)(B)(i).

Scotkowski"), had to carry Townsend to a patrol car and force him into the vehicle.

[6] After Officers Howard and Scotkowski had put Townsend into their patrol car, they transported Townsend to the St. Joseph County Jail. Prior to and during the drive to the jail, Townsend was verbally aggressive toward Officers Howard and Scotkowski. At various points, Townsend demanded the officers' full names, said he would kill them and would be on the news, said he would blow up the county jail, and used various racial epithets toward the officers. (Ex. 1.)

[7] On March 2, 2015, Townsend was charged with Intimidation as to Officer Scotkowski. Townsend was also charged with Battery as to his girlfriend, as a Class B misdemeanor.[2]

[8] Prior to trial, the State dismissed the charge of Battery. On May 19, 2015, a jury trial was conducted on the remaining charge for Intimidation. At the conclusion of the trial, the jury found Townsend guilty as charged.

[9] A sentencing hearing was conducted on June 17, 2015, at the conclusion of which the trial court entered judgment of conviction against Townsend and sentenced him to thirty months imprisonment.

[10] This appeal ensued.

---

[2] I.C. § 35-42-2-1.

# Discussion and Decision

[11] Townsend appeals his conviction and challenges the sufficiency of the evidence. Our standard of review in sufficiency challenges is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)). Our judicial system affords "great adherence" to the right to trial by jury and to the jury's verdict. *Myers v. State*, 27 N.E.3d 1069, 1071-72 (Ind. 2015). We are therefore mindful on appeal that we must respect "'the jury's exclusive province to weigh conflicting evidence.'" *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005) (quoting *Alkhalidi v. State*, 753 N.E.2d 625, 627 (Ind. 2001)).

[12] Townsend was charged with Intimidation, as a Level 6 felony. To convict Townsend as charged, the State was required to prove beyond a reasonable doubt that Townsend communicated a threat to Officer Scotkowski with the intent to put Officer Scotkowski in fear of retaliation for a prior lawful act, namely, arresting Townsend, where Officer Scotkowski was a law enforcement officer and Townsend's threat was conveyed because of Officer Scotkowski's

occupation, profession, employment status, or ownership status. *See* I.C. §§ 35-45-2-1(a)(2) & (b)(1)(B)(i); App'x at 20.

[13] For speech to amount to a "true threat" under Indiana law, there are "two necessary elements." *Brewington v. State*, 7 N.E.3d 946, 964 (Ind. 2014). The "speaker [must] intend his communications to put his targets in fear for their safety, and … the communications were likely to actually cause such fear in a reasonable person similarly situated to the target." *Id.* With respect to the speaker's intent, "a *mens rea* determination 'is almost inevitably, absent a defendant's confession or admission, a matter of circumstantial proof.'" *Id.* (quoting *Hampton v. State*, 961 N.E.2d 480, 487 (Ind. 2012)). With respect to the second element, we employ "a 'reasonable victim' test—whether it was *objectively* reasonable for the victim to fear for [his] safety." *Id.* at 969 (emphasis in original).

[14] Turning first to the sufficiency of the evidence as to Townsend's intent, the record discloses that Townsend was compliant with police officers, even while handcuffed and being detained, until he was informed that he was under arrest. Officer Scotkowski testified at trial that upon being informed of the arrest, Townsend's demeanor did a "complete 180," and Townsend went from compliance to using "[t]hreats, racial slurs towards me, threats to myself, upon my family." (Tr. at 38.) Townsend told Officer Scotkowski "that he would kill me, he was going to kill my family. And then hoping my mom and my dad die." (Tr. at 39-40.) While being transported to jail in the patrol car, Townsend repeated his threats, demanding the officers' full names, saying he would kill

"you honkies" and would "be on the news." (Ex. 1.) A reasonable jury could conclude that Townsend's statements were intended to put Officer Scotkowski in fear for his safety.

We turn now to whether a jury could reasonably conclude that Officer Scotkowski's fear for his safety was reasonable. Scotkowski testified that his concern for his safety was not related to whether Townsend would at that moment cause him harm, but rather was focused on "down the road and when I'm off duty." (Tr. at 48.) Officer Howard, Officer Scotkowski's training officer, stated that he, too, took the threats seriously because they were outside of the realm of the abusive language he had encountered in his five years as a police officer. Officer Howard noted in particular that Townsend's threats against family members and Townsend's claim that "he was going to kill us and that he was going to be on TV" were particularly out of the ordinary. (Tr. at 73.) We cannot say that, under the circumstances, there was insufficient evidence from which a jury could conclude that Officer Scotkowski's fear was objectively reasonable, and we accordingly adhere to the jury's verdict. *See Myers*, 27 N.E.3d at 1071-72.

Affirmed.

Vaidik, C.J., and Crone, J., concur.