## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2016, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Loretta A. Manier, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | May 26, 2016 <br><br> Court of Appeals Case No. 34A02-1512-CR-2234 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable George A. Hopkins, Judge <br><br> Trial Court Cause No. 34D04-1507-F6-85 |

**Bailey, Judge.**

# Case Summary

[1] Loretta Manier ("Manier") appeals her conviction for Failure to Register as a Sex Offender, a Level 6 felony.[1] We affirm.

# Issues

[2] Manier presents two issues for review:

    I.      Whether there is sufficient evidence to support her conviction; and

    II.     Whether her two-year sentence is inappropriate.

# Facts and Procedural History

[3] In 2006, Manier was convicted of two counts of Child Molesting as Class B felonies. She was required to register as a sex offender. In 2014, Manier moved to Howard County, Indiana and reported to the Howard County Sheriff's Office to register as a sex offender. Employee Christina Kline provided Manier with a sex offender packet including a sex offender registration form. Manier initialed the form, which included advice of heightened reporting requirements for persons who were homeless or living in a temporary residence; specifically, a seven-day reporting requirement.

---

[1] Ind. Code § 11-8-8-12.

[4] In June of 2015, Manier became homeless. She reported her status to her probation officer, who advised her to go to the Howard County Sheriff's Office to update her sex offender registry information. On June 16, 2015, Manier appeared at the Sheriff's Office and reported that she could be staying at four different places and lacked a permanent address. Employee Donna Bowland ("Bowland") obtained Manier's signature on a Temporary Residence/Homeless Offender Form which set forth the seven-day reporting requirement. Manier agreed to return within seven days but she did not do so. When Manier failed to return by June 23, 2015, Bowland advised her supervisor of the omission. Manier reported to the Sheriff's Office on June 29, 2015, July 6, 2015, and July 14, 2015.

[5] On July 20, 2015, Manier came to the Sheriff's Office and was arrested. She was charged with failure to report by June 23, 2015. Manier was convicted by a jury and sentenced to two years imprisonment. This appeal ensued.

# Discussion and Decision

## Sufficiency of the Evidence

[6] The State charged that Manier "did knowingly and intentionally fail to report within the seven day time frame as required for registering as a homeless offender[.]" (App. at 21.) Indiana Code Section 11-8-8-12 governs registration when an offender resides in a temporary residence. In particular, subsection (c) provides:

A sex or violent offender who does not have a principal residence or temporary residence shall report in person to the local law enforcement authority in the county where the sex or violent offender resides at least once every seven (7) days to report an address for the location where the sex or violent offender will stay during the time in which the sex or violent offender lacks a principal address or temporary residence.

[7] Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[8] The State offered testimony and exhibits to establish that Manier, a homeless person, was aware of her seven-day reporting requirement and failed to comply. Indeed, Manier does not claim that she lacked knowledge of the seven-day requirement or that she actually maintained compliance. Rather, she claims that she "substantially complied" with the reporting requirement. Appellant's Br. at 3, 5. Manier suggests that the legislature recognized the transportation difficulties faced by the homeless and thus, in subsection (c), relaxed the

requirement from "registering" to "reporting."[2] She then argues that she substantially complied with the requirement of that subsection by keeping her parole officer telephonically apprised of her whereabouts on a daily basis from June 16 to June 29, 2015. We must disagree, as the plain language of subsection (c) of Indiana Code Section 11-8-8-12 requires that the offender "report *in person* to the *local law enforcement authority*." (emphasis added.) The State presented sufficient evidence to support Manier's conviction.

## Appropriateness of Sentence

[9] Upon conviction of a Level 6 felony, Manier faced a sentencing range of between six months and two and one-half years, with one year as the advisory term. I.C. § 35-50-2-7(b). She was sentenced to two years imprisonment.

[10] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225. A defendant '"must persuade the

---

[2] We observe that Indiana Code Section 11-8-8-4 clarifies that "register means report in person to a local law enforcement authority and provide the information required[.]"

appellate court that his or her sentence has met th[e] inappropriateness standard of review."' *Anglemyer*, 868 N.E.2d 482, 494 (Ind. 2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[11] As for the nature of the offense, Manier, as a sex offender, failed to report as required by statute. As to her character, Manier has four prior felony convictions for Solicitation (Prostitution), Child Abuse, and Child Molesting, and one prior misdemeanor conviction for Driving While Suspended. She was on probation at the time she committed the present offenses.

[12] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

[13] Sufficient evidence supports Manier's conviction. The two-year sentence imposed is not inappropriate.

[14] Affirmed.

Bradford, J., and Altice, J., concur.