# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 06 2019, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel L. Martin-Shively, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 6, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-1146 <br><br> Appeal from the Huntington <br> Circuit Court <br><br> The Honorable Davin G. Smith, <br> Judge <br><br> Trial Court Cause No. <br> 35C01-1903-F5-64 |

**Baker, Judge.**

[1] Samuel Martin-Shively appeals his convictions and the sentence imposed by the trial court for two counts of Level 5 Felony Criminal Confinement, two counts of Level 6 Felony Strangulation, two counts of Level 6 Felony Domestic Battery with a Prior Conviction, and one count of Level 6 Felony Intimidation, arguing that (1) the evidence is insufficient to support one of the strangulation convictions; (2) his convictions for criminal confinement and domestic battery violate Indiana's prohibition against double jeopardy; and (3) the sentence is inappropriate in light of the nature of the offenses and his character. Finding the evidence sufficient, no double jeopardy violation, and the sentence not inappropriate, we affirm.

# Facts

[2] On March 11, 2019, Martin-Shively's stepdaughter, sixteen-year-old A.B., came home from school. At the time, Martin-Shively was living with his wife, Sheila, and A.B., who was Sheila's biological daughter. A.B. found Martin-Shively sitting on a mattress in the living room. Sheila was sitting right behind Martin-Shively. Martin-Shively had been sleeping on this mattress because he allegedly could not walk up the stairs to the bedroom due to a disability.

[3] Martin-Shively was attempting to fix their television when A.B. asked Martin-Shively a question. Martin-Shively responded with anger, and the two began to loudly argue. After initially failing to do so, Martin-Shively successfully flipped A.B. over onto his mattress and began to spank her roughly twenty times "as hard as he could." Tr. Vol. III p. 95. Sheila repeatedly asked Martin-Shively to

stop because he was hurting A.B., but Martin-Shively continued spanking her. Eventually, Martin-Shively released A.B. At some point, A.B. and Martin-Shively started arguing again and Martin-Shively began striking the child.

[4] Then suddenly, Martin-Shively threw A.B. onto the mattress, straddled her, pushed her onto her back, screamed into her face, and began to choke her. A.B. begged Martin-Shively to let her go because she could not breathe and because he was hurting her. Sheila intervened after a few minutes and said that that "was enough." *Id.* at 98. A.B. then yelled at Martin-Shively just before going upstairs to bed.

[5] The next day, March 12, 2019, A.B. came home from school and complained to Sheila about a spot on her arm where she had received a shot. Martin-Shively came into the room, lunged after A.B., and told her to "shut up." *Id.* at 102. Before Martin-Shively could reach her, A.B. sprinted out the front door with her book bag and other belongings. Martin-Shively informed Sheila that she should call the police to report A.B. as a runaway child, and that if she did not, she and A.B. "could pack [their] stuff up pretty much and leave." *Id.* at 151.

[6] As Sheila walked into the dining room, Martin-Shively jumped off the living room mattress and started chasing her. Sheila tried to avoid Martin-Shively, but he grabbed her by the shoulders and slammed her into the dining room wall. After holding Sheila's arms against the wall, Martin-Shively wrapped his hands around Sheila's neck and threatened to kill her and A.B. Martin-Shively continued doing this for several minutes and released Sheila only after she

agreed to call the police. Martin-Shively's actions left Sheila with red marks on her arms and neck.

[7] On March 13, 2019, the State charged Martin-Shively with two counts of Level 5 felony criminal confinement, two counts of Level 6 felony strangulation, one count of Level 6 felony intimidation, and two counts of Level 6 felony domestic battery with a prior conviction. On March 22, 2019, Martin-Shively requested a speedy trial, which took place on April 24-25, 2019. At the conclusion of the trial, the jury found Martin-Shively guilty on all counts. At the May 21, 2019, sentencing hearing, the trial court sentenced Martin-Shively to five and one-half years for the criminal confinement counts and two years each for all the other counts. The trial court ordered that Martin-Shively serve all seven sentences concurrently in the Department of Correction, for an aggregate term of five and one-half years. Martin-Shively now appeals.

# Discussion and Decision

## I. Sufficiency of Evidence

[8] First, Martin-Shively argues that the evidence is insufficient to support his conviction for Level 6 felony strangulation of Sheila.

[9] When reviewing the sufficiency of the evidence supporting a conviction, we must affirm if the probative evidence and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.

2005). It is not our job to reweigh the evidence or to judge the credibility of the witnesses, and we consider any conflicting evidence most favorably to the trial court's ruling. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005). "'[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.'" *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007) (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[10] To convict Martin-Shively of Level 6 felony strangulation, the State was required to prove beyond a reasonable doubt that Martin-Shively—in a rude, angry, or insolent manner—knowingly or intentionally applied pressure to Sheila's throat or neck, obstructed Sheila's nose or mouth, or applied pressure to Sheila's torso in a manner that impeded her normal breathing or blood circulation. Ind. Code § 35-42-2-9(c).

[11] Martin-Shively only argues that the State failed to show that his actions impeded Sheila's normal breathing or blood circulation. The record reveals that Sheila's arms and neck had red marks after Martin-Shively "held [her] up against the wall . . . by [her] throat." Tr. Vol. III p. 153. Given the uncontroverted testimony about these bright red marks, a reasonable jury could have concluded that for some brief period of time, Sheila's normal breathing and/or circulation was impeded. *See Perry v. State*, 956 N.E.2d 41, 61 (Ind. Ct. App. 2011) (holding that evidence was sufficient to uphold strangulation conviction upon a showing that victim had "several abrasions to her neck" after assailant wrapped his hands around her neck).

[12] Martin-Shively directs our attention to portions of Sheila's testimony that he claims undercut this evidence. But this argument amounts to a request that we reweigh the evidence, which we may not do. The jury, which listened to the testimony and all the evidence firsthand, is in the best position to determine whether Sheila was credible and whether the evidence proffered was persuasive. In this case, we find that the evidence is sufficient.

## II. Double Jeopardy

[13] Next, Martin-Shively argues that his separate convictions for criminal confinement and domestic battery with a prior conviction violate Indiana's prohibition against double jeopardy.[1] *See generally* Ind. Const. art. 1, § 14. We review questions of double jeopardy de novo, giving no consideration to the trial court's decision below. *Goldsberry v. State*, 821 N.E.2d 447, 458 (Ind. Ct. App. 2005).

[14] More specifically, Martin-Shively argues that there is a reasonable probability that the jury relied on the same facts to convict him of both criminal confinement and domestic battery with a prior conviction. *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002). Under this "actual evidence" test, Martin Shively must show that there is "a reasonable probability that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also

---

[1] Martin-Shively is only challenging the criminal confinement and domestic battery counts against him for harming Sheila, not A.B.

have been used to establish the essential elements of a second challenged offense." *Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999). There is no double jeopardy violation when the evidentiary facts establishing the essential elements of one offense satisfy many, but not all, of the essential elements of the second offense. *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013).

[15] To convict Martin-Shively of Level 5 felony criminal confinement, the State was required to prove beyond a reasonable doubt that Martin-Shively knowingly or intentionally confined Sheila without her consent and that that confinement resulted in bodily injury to Sheila. I.C. § 35-42-3-3(a), -(b)(1)(C). To convict Martin-Shively of Level 6 felony domestic battery with a prior conviction, the State was required to prove beyond a reasonable doubt that Martin-Shively knowingly or intentionally touched Sheila, a family or household member, in a rude, insolent, or angry manner and that Martin-Shively had a prior, unrelated conviction for a battery offense. I.C. § 35-42-2-1.3(a)(1), -(b)(1)(A).

[16] First, with regards to the criminal confinement conviction, the State proffered evidence that Martin-Shively wrapped his hands around Sheila's neck and threatened to kill her and A.B. Martin-Shively continued doing this for several minutes and released Sheila only after she agreed to call the police. Martin-Shively's actions left Sheila with red marks on her arms and neck. There is a reasonable probability that the jury relied on this evidence in convicting Martin-Shively of criminal confinement.

On the other hand, with regards to the domestic battery conviction, the State also proffered evidence that as Sheila walked into the dining room, Martin-Shively jumped off the living room mattress and started chasing her. Sheila tried to avoid Martin-Shively, but he grabbed her by the shoulders and slammed her into the dining room wall. In other words, there was additional evidence in the form of multiple acts of violence—the grabbing, the shoving, the holding, and the slamming—that the jury likely used to establish the element that Martin-Shively touched Sheila in a rude, insolent, and angry manner.

As such, there is no reasonable probability that the jury may have relied on the same evidence for both convictions. *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008). Accordingly, Martin-Shively has not met his burden under the actual evidence test, and thus, there was no double jeopardy violation.

# III. Appropriateness

Finally, Martin-Shively argues that the aggregate sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character.

Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The question is not whether it is more appropriate to impose a different sentence, but whether the defendant's specific sentence is appropriate. *Steinberg v. State*, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011). The defendant

bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[21]    For a Level 5 felony offense, the maximum sentence is six years and the minimum sentence is one year. Ind. Code § 35-50-2-6(b). The advisory sentence is three years. *Id.* Here, the trial court sentenced Martin-Shively to five and one-half years for each Level 5 felony criminal confinement count. For a Level 6 felony offense, the maximum sentence is two and one-half years and the minimum sentence is six months. I.C. § 35-50-2-7(b). The advisory sentence is one year. *Id.* Here, the trial court sentenced Martin-Shively to two years for each of the five Level 6 felony counts. The trial court subsequently ordered that all sentences be served concurrently, for an aggregate term of five and one-half years.

[22]    First, as to the nature of the offenses, Martin-Shively committed unprovoked[2] acts of violence against members of his own family. Martin-Shively repeatedly intimidated, threatened, and spanked A.B. multiple times and for several minutes, and he did not let up until Sheila intervened. A.B. even fled from her home because she feared Martin-Shively and the physical and emotional pain she would probably endure if she stayed. Then, on two separate occasions, Martin-Shively was successful at holding down his wife and stepdaughter and

---

[2] Though A.B. and Martin-Shively were arguing just before the criminal offense took place, we would hardly classify the actions of a minor child as acts that would provoke the reasonable parent into doing what Martin-Shively did.

strangling them. And Sheila's testimony reveals the level of fear and unease that Martin-Shively instilled in the household, especially as he threatened Sheila with abandonment unless she called the police. Therefore, we find that the nature of the offenses does not render Martin-Shively's sentence inappropriate.

[23] Next, as to Martin-Shively's character, Martin-Shively has a long criminal history. He has been charged with and convicted of criminal mischief, battery, invasion of privacy, disorderly conduct, perjury, and battery resulting in bodily injury. *See Bailey v. State*, 763 N.E.2d 998, 1004 (Ind. 2002) (holding that a history of criminal activity can reflect poorly on a defendant's character at sentencing). And while the trial court imposed just below the maximum sentence for each count, it also ordered that Martin-Shively serve all his sentences concurrently, for an aggregate term of five and one-half years. We find it unwarranted to reduce Martin-Shively's sentence when he only has to serve five and one-half years for seven different serious convictions, especially when he has been convicted of some of these same offenses in this past. Therefore, we find that Martin-Shively's character does not render the sentence inappropriate. In sum, we will not revise Martin-Shively's character pursuant to Indiana Appellate Rule 7(B).

[24] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.